CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED
JUN 1 7 2005
JOHN F. CORCORAN, CLERK
BY /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

DOVON BROWN, #15993-056, )
    Petitioner, ) Civil Action No. 7:05-cv-00358
)
v. ) **MEMORANDUM OPINION**
)
UNITED STATES OF AMERICA, ) By: Hon. James C. Turk
    Respondent. ) Senior United States District Judge

Petitioner Dovon Brown, a federal inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. Brown asserts that he is entitled to relief under §2241 and the "savings clause" of 28 U.S.C. §2255 from the 1996 sentence imposed by the United States District Court for the Eastern District of North Carolina upon Brown's conviction of conspiracy to possess cocaine base with intent to distribute. Upon review of the petition, the court concludes that Brown has failed to demonstrate entitlement to relief under §2241 and that his petition must be construed, filed and dismissed without prejudice as a successive motion to vacate, set aside or correct sentence, pursuant to §2255.

I.

Brown states that after his conviction, he appealed to the United States Court of Appeals for the Fourth Circuit and later filed a petition for a writ of certiorari in the United States Supreme Court, without success. Brown also states that he challenged this conviction by filing a motion to vacate, set aside or correct sentence, pursuant to §2255, in the sentencing court, which was denied in July 2000. The Fourth Circuit later denied his appeal and a subsequent application to file a second or successive §2255 motion. In his §2241 petition, Brown asserts that the government constructively amended the indictment in his criminal case by arguing that he be sentenced for an amount of cocaine base not charged in the indictment.

II.

A district court may not entertain such a claim in a §2241 petition, unless a motion pursuant to §2255 is "inadequate or ineffective to test the legality of [an inmate's] detention."

1

Swain v. Pressley, 430 U.S. 372, 381 (1977). The Fourth Circuit has found that §2255 is inadequate and ineffective to test the legality of an inmate's conviction only when the inmate satisfies a three-part standard by showing that:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). A procedural impediment to §2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate." See In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997).

Brown argues that his remedy under §2255 was inadequate or ineffective to test the legality of his detention because he was not tried upon, and is legally innocent of, the offense for which he was sentenced. Even if this assertion were true, the dismissal of his previous §2255 and the other issues Brown raises do not suggest that the remedy available to him under §2255 was inadequate. The claims Brown now raises could have been addressed in his previously filed §2255 motion to test the legality of his confinement. Moreover, Brown does not point to any recent change of substantive law, and the court is unaware of any such precedent, making it legal to conspire to possess cocaine base in any amount with intent to distribute. Accordingly, Brown fails to meet the Jones standard to show that §2255 is inadequate to test the legality of his conviction and sentence, and his claims cannot be addressed under §2241.

III.

As the court may not consider Brown's claims under §2241, the court will construe his petition as a §2255 motion. Section 2255 motions must be brought in the court that imposed the sentence. See 28 U.S.C. § 2255; see also Swain, 430 U.S. at 378. To file a second such motion in the district court, petitioner must receive pre-filing authorization from the appropriate court of appeals. See 28 U.S.C. §2255, ¶ 8. Where petitioner does not demonstrate that the court of appeals has issued him pre-filing authorization to submit a second or successive §2255 motion,

2

no district court has jurisdiction to consider the merits of his §2255 claims.

This court could transfer Brown's §2255 motion to the Eastern District of North Carolina, where he was sentenced. Brown's §2255 motion is clearly successive, however, as he admits that the sentencing court denied his previous §2255 petition in 2000. Brown admits that he has not obtained pre-filing authorization from the United States Court of Appeals for the Fourth Circuit to file a successive §2255 motion. This court cannot find that transfer of a clearly successive §2255 motion to the sentencing court furthers the interests of justice or judicial economy. Accordingly, this court declines to transfer Brown's motion and dismisses it without prejudice.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This _17th_ day of June, 2005.

*James C. Turk*
Senior United States District Judge

3